The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner, Jr. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the modification of Award No. 2 and the addition of Finding of Fact No. 11 and Conclusion of Law No. 4.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and the defendant-employer.
3. The United States Fire Insurance Company was the compensation carrier on the risk.
4. Plaintiff's average weekly wage was $117.00, which yields a compensation rate of $78.00 per week.
5. Plaintiff suffered an injury by accident on August 31, 1989 when she injured her back.
6. The defendant-employer admitted liability and certain benefits were paid to plaintiff.
7. A Form 24 was submitted and approved by the Industrial Commission on July 6, 1992, cutting off plaintiff's workers' compensation benefits.
8. The deposition testimonies of Dr. Titus Plomaritis, Jr. and Dr. Paul Jaszweski were stipulated into evidence after the hearing.
9. The issues to be determined by the Commission are (1) whether plaintiff is permanently and totally disabled, and (2) whether plaintiff is entitled to continuing temporary total disability benefits after July 6, 1992.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On June 1, 1988, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. Plaintiff injured her low back on that date and this claim was accepted as compensable pursuant to a Form 21 agreement which was approved by the Industrial Commission on September 29, 1988.
2. Plaintiff was treated by a chiropractor following her June 1, 1988 injury, and eventually returned to work. On October 8, 1989 plaintiff became disabled again as a result of her injury by accident. A Form 26 was executed by the defendants and signed by the plaintiff on November 15, 1989. This Form 26 was approved by the Industrial Commission on January 17, 1990.
3. On October 11, 1989 plaintiff was examined by Dr. Titus Plomaritis, an orthopedic surgeon, in Eden, North Carolina. Dr. Plomaritis performed a hemilaminectomy at L3-L4 and a diskectomy at L3-L4 on November 7, 1989.
4. Plaintiff continued to treat with Dr. Plomaritis over the next several months. She underwent a course of physical therapy in Greensboro,
5. Plaintiff was enrolled in a work-hardening program. However, at Dr. Plomaritis' direction, the work-hardening program was terminated.
6. Dr. Plomaritis continued to treat and examine plaintiff. Dr. Plomaritis eventually rated plaintiff with a 100 percent permanent partial disability to her back. He considers plaintiff to be totally disabled. Dr. Polmaritis, at his deposition, stated "In my opinion, because of her back injury and subsequent surgery and the way she is now, she can't do anything. Unless maybe you could find a job where she was recumbent, she could work fifteen minutes and take an hour or two break. I mean maybe there is a job out there like that. I don't know about it. But I know she's 100 percent disabled. She can no way, shape or form do that job she was doing before."
7. On March 7, 1991 plaintiff was examined by Dr. Paul Jaszweski, a specialist in pain management.
8. Dr. Jaszweski recommended a physical capacities evaluation. That evaluation was performed on March 18, 1991. On March 21, 1991, Dr. Jaszweski reviewed the results of the tests performed on plaintiff. Dr. Jaszweski felt that plaintiff retained a 25 to 30 percent permanent partial disability to her back as a result of her injury.
9. Since Dr. Plomaritis was the treating physician and saw plaintiff on several occasions, as well as performed surgery on plaintiff, more weight is given to his testimony than to the testimony of Dr. Jaszweski who only saw plaintiff on one occasion at the request of the insurance company. Therefore, the undersigned finds that plaintiff remains temporarily totally disabled and has been so from July 6, 1992 through present and continuing until further order of the Commission.
10. Plaintiff is entitled to temporary total disability benefits from July 6, 1992 through present and continuing so long as she remains disabled. Defendants, however, are entitled to a credit for benefits paid after July 6, 1992.
11. Based upon North Carolina law, the plaintiff is required from the date of this opinion to cooperate fully with Vocational Rehabilitation Services provided by defendants.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Since plaintiff remains temporarily totally disabled, she is entitled to temporary total disability benefits under the Workers' Compensation Act. N.C.G.S. § 97-29.
2. Plaintiff is entitled to temporary total disability benefits at the rate of $78.00 per week from July 6, 1992 through present and continuing until plaintiff reaches maximum medical improvement and is able to return to work. N.C.G.S. § 97-29.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident when bills for same have been submitted through the carrier to the Commission and approved by the Commission. N.C.G.S. § 97-25.
4. Plaintiff is required to fully cooperate with Vocational Rehabilitation Services provided by the defendant. N.C.G.S. § 97-25.
* * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendants shall pay compensation to plaintiff at the rate of $78.00 per week from July 6, 1992 through present and continuing until plaintiff is able to return to work or until further order of the Commission. That compensation which has accrued shall be paid to plaintiff in a lump sum subject to the attorney's fee herein after approved.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident when bills for same have been submitted to and approved by the Industrial Commission. Additionally, plaintiff shall cooperate with Vocational Rehabilitation Services provided by defendants.
3. An attorney's fee in the amount of 25 percent of the award which has accrued shall be deducted and paid directly to plaintiff's counsel. In addition, every fourth check due plaintiff shall be sent directly to plaintiff's counsel.
4. Defendant shall pay all costs due this Commission.
FOR THE FULL COMMISSION
 S/ _________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CMV/cnp/mj 8/31/95